

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN ·
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable T. O. Walton, President
Agricultural and Mechanical College of Texas
College Station, Texas

Dear Dr. Walton:

Opinion No. O-2469
Re: Is the Board of Directors of
the Agricultural and Mechanical
College empowered to pay any
part of the premiums on a policy
of group life insurance covering
the employees from student fee
funds, local funds, or other in-
stitutional funds under the jur-
isdiction of the Board - and re-
lated question?

We beg to acknowledge receipt of your letter of June 5, 1940, request-
ing an opinion from this department, such letter being as follows, to-wit:

"On or about April 1, 1931, the Southwestern Life Insurance
Company, of Dallas, Texas, issued to the Agricultural and Mechani-
cal College its policy of Group Insurance, insuring the full-time
employees (employees either on a nine months or twelve months ba-
sis) of the College against death and total and permanent disabi-
lity. The insurance has been in full force since that date, and
employees have been required to carry the insurance as a part of
their contract. * * *

"Under the plan of insurance, the cost of premiums was paid
jointly by the insured employees and the College, the insured em-
ployees paying approximately seven-eighths of the premiums and
the College paying approximately one-eighth. The proportionate
part of the premiums paid by the College was and is made from un-
assigned local funds; that is, from funds of the College not ap-
propriated out of the State Treasury and not designated to be
used for any particular purpose. * * *

"The Board of Directors gave the matter careful considera-
tion when the plan was established and it was their judgment that
the benefit to the College in improved morale of the staff would
be worth much more than the cost to the institution. The judg-
ment of the Board in this respect has been amply substantiated by
our experience under the plan. The total cost to the College has
averaged between $3.00 and $4.00 per insured employee per year,

and we have considered this as being in the nature of a small supplement to the salary and permissible under the appropriation act.

"We would appreciate it, therefore, if you would inform us on the following points:

"1. Is the Board of Directors of the A. & M. College empowered to pay any part of the premiums on a policy of Group Life Insurance covering the employees from student fee funds, local funds, or other institutional funds under the jurisdiction of the Board?

"2. If this cannot be done, can the Board legally pay its part of the premiums from the Group Insurance Premiums Revolving Account made up as outlined above of refunds made by the Insurance Company under the participating feature of the policy and held in trust for the insured employees?"

Section I(a) of House Bill No. 255, the Appropriation Act for Institutions of Higher Learning for the current biennium, declares:

"That all balances in the institutional funds of the several State institutions named in this Act, at the close of the fiscal year ending August 31, 1939, including balances in their revolving funds at that time, and the entire income to said funds during each of the two fiscal years ending August 31, 1940, and August 31, 1941, which are not otherwise appropriated for either or both of said fiscal years, are hereby appropriated for the support, maintenance, operation and improvement of said State institutions during each of the said fiscal years respectively."

In Opinion No. 0-1661, construing Chapter 144, Acts 45th Legislature -- the General Appropriation Bill -- with respect to balances in institutional funds, we held that such funds may not be used to pay a part of the premiums for group hospitalization and life insurance policies covering faculty members and for their benefit.

The same rule, upon the same reasoning, applies to your inquiry. These institutional funds have been appropriated for the support, maintenance, operation and improvement of the respective State institutions. We there said:

"There is no just relation between the insurance to protect students traveling in connection with the activities of the institution that would justify the payment of premiums therefor. Such insurance is not reasonably necessary, nor do we think it is even proper as an incident to the maintenance of the institution."

Your first question, therefore, is answered in the negative.

Furthermore, the Board is not authorized to pay any part of the premiums under consideration from the group insurance premiums revolving account

refunded to the Board under the insurance plan. These refunds take the place and occupy the status of the funds originally used -- wrongfully, as we are holding it to have been -- by the Board in purchasing such insurance.

Of course, we are not considering the matter from the standpoint of business policy, such as might guide an individual in the conduct of his own affairs, but on the contrary, we are considering it solely from the standpoint of legislative authority in the Board to make the purchase of such insurance out of the public institutional funds.

Your second question is therefore likewise answered in the negative.

We have answered your questions broadly as you have stated them. Of course, nothing we have said should be construed as to exclude the use of funds for such group insurance properly belonging individually to an employee as a beneficiary of such fund, where the employee beneficiary consents to such use. It is his individual money and therefore not within the rule we have discussed above.

Neither should our answer be construed so as to prevent a supplementing of an employee's salary out of the funds and in the manner specifically provided for in subsection (2) of the General Provisions attached to House Bill No. 255 -- Regular Session, 46th Legislature for Institutions of Higher Learning.

Very truly yours

APPROVED JUL 9, 1940

/s/ Glenn R. Lewis

ACTING ATTORNEY GENERAL
OF TEXAS

OS-MR-LM

ATTORNEY GENERAL OF TEXAS

By /s/ Ocie Speer
        Ocie Speer
        Assistant

THIS OPINION
CONSIDERED AND
APPROVED IN
LIMITED
CONFERENCE